UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD CRAIG MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3 05 0699 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### INFORMATION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983. The plaintiff names the State of Tennessee ("the State") as the sole defendant to this action. The plaintiff seeks money damages only, alleging that the State violated his rights under the Fifth and Fourteenth Amendments.

The plaintiff asserts that he pled guilty to a charge of burglary on January 15, 1998, in exchange for which he was to receive a 4-year sentence. (Complaint, Facts, ¶ 2, p. 1)[1] At sentencing, the trial judge ordered the plaintiff to serve a split-sentence – 3½ years in prison, followed by 4 years of community correction. (Complaint, Facts, ¶ 3, p. 1) According to the plaintiff, the trial court ordered this sentence to be served concurrently with an earlier 4-year sentence that he had received. (Complaint, Facts, ¶ 3, p. 1)

The plaintiff avers that he was released from prison on July 27, 1999. (Complaint, Facts, ¶ 4, p. 1) After being arrested twice for violating the community corrections provision of his sentence,

---

[1] The statement of the plaintiff's claim is set forth in an attached document captioned, "Claim I. Supporting Facts." This document is referred to using he following convention: (Complaint, Facts, ¶ X, p. Y), where "X" is the paragraph number and "Y" is the page number.

the trial court apparently ordered the plaintiff to serve another 4 years on the burglary conviction, a sentence that the plaintiff maintains he had already served. (Complaint, Facts, ¶¶ 5-6, p. 2) The plaintiff appealed, and the Tennessee Court of Criminal Appeals ultimately ruled in his favor. (Complaint, Facts, ¶ 7, p. 2) The plaintiff claims that he was forced to serve "approximately fifteen months in prison because of the trial court error." (Complaint, Facts, ¶ 8, p. 2)

After his release from custody, the plaintiff avers that he filed a claim in the Tennessee Claims Commission ("the Claims Commission") on September 26, 2001. (Complaint, Facts, ¶ 9, p. 3) According to the plaintiff, the Claims Commission denied his claim on December 15, 2004. (Complaint, Facts, ¶ 11, p. 3)

## ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

2

The plaintiff seeks only money damages against the State of Tennessee. However, under the Eleventh Amendment, a state is not a person against whom a § 1983 claim for money damages may be asserted. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 617 (2002)(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)). More particularly, the Eleventh Amendment bars suits that "would impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress has not abrogated Tennessee's Eleventh Amendment immunity, and Tennessee has not expressly waived its right to sovereign immunity. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980). Therefore, the plaintiff's demand for money damages against the State of Tennessee is barred by the Eleventh Amendment. Because the State is absolutely immune from suit for money damages under § 1983, the complaint will be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) and (2).

An appropriate Order will enter.

Aleta A. Trauger
United States District Judge

3